UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| EDWARD P. KAKALIA,<br><br>              Plaintiff,<br><br>   vs.<br><br>UNITED STATES GOVERNMENT, and<br>STATE OF HAWAI`I,<br><br>              Defendants. | CIV. NO. 22-00390 LEK-WRP |

**ORDER GRANTING DEFENDANT STATE OF HAWAII'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED AUGUST 31, 2022 WITH PREJUDICE**

        Before the Court is Defendant State of Hawaii's ("the State") Motion to Dismiss Plaintiff's Complaint Filed August 31, 2022 with Prejudice ("Motion"), filed on November 4, 2022. [Dkt. no. 11.] On December 8, 2022, pro se Plaintiff Edward P. Kakalia ("Kakalia") filed a document that is liberally construed as his opposition to the Motion.[1] See Case Dismissed with Prejudice Cannot Be Opened, Defendants Failed to File Answer Rule 12(a)(A)(i); Affidavit, filed 12/8/22 (dkt. no. 17) ("12/8/22 Opposition"). The State filed its reply on December 14, 2022. [Dkt. no. 18.] On January 6, 2023, Kakalia filed a document that is liberally construed as a supplemental

---

[1] Because Kakalia is proceeding pro se, his filings must be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

opposition.  See Plaintiff Oppose Motion to Dismiss Filed 11/04/2022; Submits Copy of Opening Brief and Rehearing (En Banc) in Support of Claim; Summary Judgment, 56(a) in Order, filed 1/6/23 (dkt. no. 20) ("1/6/23 Opposition").[2]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons set forth below, the State's Motion is hereby granted, and Kakalia's claims against the State are dismissed with prejudice - in other words, without leave to amend.

**BACKGROUND**

Kakalia initiated this action on August 31, 2022.  See "Plaintiff is Suing the United States Government, and the State of Hawaii, for Fraud and Misrepresentation, 17 CFR 240.15c2; and Haw. Rev. Stat. §663-10.5 Government as Tortfeasor," filed

---

[2] Local Rule 7.2 states that, other than an opposition and a reply, "[n]o further or supplemental briefing shall be submitted without leave of court."  Kakalia did not seek leave of court to file the 1/6/23 Opposition.  This Court will consider the 1/6/23 Opposition, in light of Kakalia's pro se status.  However, this Court cautions Kakalia that, in the future, the filing of further or supplemental briefing without leave of court may result in sanctions, including striking the further or supplemental briefing.

8/31/22 (dkt. no. 1) ("Complaint").[3]  Kakalia alleges his family's land was taken illegally on September 27, 1960 by the State Governor at the time, William F. Quinn, pursuant to Executive Order No. 1920, and those lands were set aside for public purposes.  [Complaint at pg. 2.]  According to Kakalia, those lands "have been 'merged' into the Ala Wai Golf Course." [Id.]  He alleges his constitutional rights were violated because the taking "occurred without compensation, adverse possession or eminent domain."  [Id.]

    Kakalia asserts the property was owned by his grandfather, who conveyed the property to his father in 1955. [Id. at pg. 3.]  Kakalia asserts he learned of his father's interest at some point during 2009 to 2014.[4]  Kakalia "convert[ed his] father's interest by Haw. Rev. Stat. 560:2-101-103" and conveyed part of the interest to his wife on September 15, 2014. See id.  Kakalia states he published notice of his claim to the property "in the only general circulating newspaper in Hawaii" on September 5, 2015.  [Id.]  He also sent two letters, dated

---

[3] Defendant "United States Government" ("United States") has not appeared in this case, and Kakalia has not filed any documents showing that he has attempted to serve the United States.  This Order therefore will not address Kakalia's claims against the United States.

[4] Kakalia states he learned about the property "[w]hile in Honolulu during the period of 2009-2018," [Complaint at pg. 3,] but based on his other allegations, it appears that he was aware of it by no later than September 15, 2014, [id.].

August 12, 2018 and October 26, 2018, respectively, to the State Attorney General's Office, asserting his claim to the property that were illegally taken from his grandfather.  A Deputy Attorney General responded on the Attorney General's behalf, stating that the office declined to pursue the matter because it did not believe that Kakalia had an ownership interest in the property described in the letters.  Kakalia asserts a takings claim against the State, as well as a 42 U.S.C. § 1983 claim against the State.  Although the basis of the § 1983 claim is not entirely clear, it appears to be based, at least in part, on the taking itself and the failure to act upon his claim in 2018. Kakalia argues that both violated his rights under article XII, section 7 of the Hawai`i State Constitution, which recognizes the traditional and customary rights of native Hawaiians.  See id. at pg. 3-4.  Kakalia "seek[s] $558 million dollars (Present Land Value), for the Taking and Fraudulent Concealment of his private property with monthly rents of $7,500 dollars per acre of land from January 1893 to Present for refusing to Vacate possession of 146.39 acres."  [Id. at pg. 1.]  He asserts that the taking of his family's land was unconstitutional because the State never established that the taking was necessary and compensation was not paid.  Because the taking was unconstitutional, Kakalia argues ownership of the land never passed from the owner to the State, and therefore he is the

4

rightful owner of the land.  See id. at pg. 19.  Thus, Kakalia "demands return of possession, compensation, and clear title." [Id.]

In the instant Motion, the State argues Kakalia's Complaint must be dismissed because: his takings claim is barred by the State's Eleventh Amendment immunity; he cannot assert a § 1983 claim against the State, which is not a person for purposes of § 1983; even if is possible for a plaintiff to pursue a takings claim against the State in federal court, Kakalia's claim is barred by the statute of limitations; Kakalia's Complaint does not satisfy the Fed. R. Civ. P. 12(b)(6) pleading standard; and it does not comply with the pleading requirements set forth in Fed. R. Civ. P. 8.  Further, to the extent that Kakalia alleges the State committed fraud, the Complaint does not satisfy the heightened Fed. R. Civ. P. 9(b) pleading standard.  The State therefore urges this Court to dismiss Kakalia's claims against it with prejudice.

## DISCUSSION

### I. Takings Claim

The Court turns first to Kakalia's takings claim, which seems to be based on both the alleged taking of the property in 1960, pursuant to Executive Order No. 1920, and the failure to respond appropriately to Kakalia's assertion of his claim to the property in 2018.  Regardless of the theory that

the claim is based upon, Kakalia cannot pursue his takings claim against the State in this district court.

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001) (citation omitted); see also U.S. Const., amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Sato v. Orange Cnty. Dep't of Educ., 861 F.3d 923, 928 (9th Cir. 2017) (citation and quotation marks omitted); see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (citations and internal quotation marks omitted)). As such, "[s]tates, their agencies, and their officials in their official capacities are immune from damage suits under state or federal law by private parties in federal court unless there is a valid abrogation of that immunity or an unequivocal express waiver by the state." Monet v. Hawai`i, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at

6

*4 (D. Hawai`i June 14, 2011) (some citations omitted) (citing Sossamon v. Tex., 131 S. Ct. 1651, 1658 (2011)). "A state generally waives its immunity when it voluntarily invokes [federal] jurisdiction or . . . makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." In re Bliemeister, 296 F.3d 858, 861 (9th Cir. 2002) (alterations in Bliemeister) (citation and internal quotation marks omitted). "Express waiver is not required; a state waives its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." Id. (brackets, citation, and internal quotation marks omitted).

For example, a state voluntarily invokes federal jurisdiction and waives its Eleventh Amendment immunity by removing to federal court a case that the plaintiff filed in state court. See, e.g., DW Aina Le`a Dev., LLC v. Hawai`i, Land Use Comm'n, CIVIL NO. 17-00113 SOM-RLP, 2017 WL 2563226, at *5 (D. Hawai`i June 13, 2017) (citing Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 624 (2002)), *rev'd and remanded on other grounds*, 834 F. App'x 355 (9th Cir. 2021). In the instant case, however, the State has neither voluntarily invoked federal jurisdiction over Kakalia's case, expressed an intent to submit itself to federal jurisdiction, nor engaged in any conduct that is inconsistent with its intent to preserve its Eleventh Amendment immunity. Kakalia cannot pursue his takings

7

claim against the State because the State's Eleventh Amendment immunity from such claims remains in effect. Kakalia's takings claim against the State must be dismissed because it fails to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))). Further, the dismissal must be with prejudice because that claim cannot be saved by amendment. See Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." (citation and quotation marks omitted)). In other words, Kakalia will not be given the opportunity to file an amended complaint to attempt to cure his takings claim against the State.

## II. Section 1983 Claim

To the extent that Kakalia bases his § 1983 claim against the State on something other than the alleged taking, his claim also fails. 42 U.S.C. § 1983 states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected,

8

> any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Because the United States Supreme Court "has construed the word 'person' in § 1983 to exclude States, neither a federal court nor a state court may entertain a § 1983 against such a defendant." Howlett v. Rose, 496 U.S. 356, 376 (1990). As a matter of law, Kakalia fails to state a plausible § 1983 claim against the State, and the claim must be dismissed. The dismissal must be with prejudice because it is not possible for Kakalia to cure the defect in the claim by amendment.

Because all of Kakalia's claims against the State have been dismissed with prejudice, it is not necessary for this Court to address the other arguments raised in the State's Motion.

## CONCLUSION

For the foregoing reasons, the State's Motion to Dismiss Plaintiff's Complaint Filed August 31, 2022 with Prejudice, filed November 4, 2022, is HEREBY GRANTED. Kakalia's claims against the State that he asserts in the document, which was filed August 31, 2022 and has been construed as his Complaint, are DISMISSED WITH PREJUDICE. The Clerk's Office is DIRECTED to terminate the State as a party on **March 15, 2023,**

unless Kakalia files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 28, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EDWARD P. KAKALIA VS. UNITED STATES GOVERNMENT, ET AL.; CIV. NO. 22-00390 LEK-WRP; ORDER GRANTING DEFENDANT STATE OF HAWAII'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED AUGUST 31, 2022 WITH PREJUDICE**