UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| EDWARD P. KAKALIA, | CIV. NO. 22-00390 LEK-WRP |
|---|---|
| Plaintiff, | |
| vs. | |
| UNITED STATES GOVERNMENT, and STATE OF HAWAI`I, | |
| Defendants. | |

**ORDER CONSTRUING PLAINTIFF'S JULY 5, 2024 FILING
AS A SUPPLEMENT TO PLAINTIFF'S MOTION FILED
ON JUNE 10, 2024 AND DENYING PLAINTIF'S MOTION**

Final judgment in this case was entered on June 2, 2023. [Judgment in Civil Case ("Judgment"), filed 6/2/23 (dkt. no. 38).] Before the Court is pro se Plaintiff Edward P. Kakalia's ("Kakalia") June 10, 2024 petition seeking relief from the Judgment ("Motion"). [Dkt. no. 52.] On July 5, 2024, Kakalia filed a notice that he "Will Bring an Unopposed Motion of Coram Nobis, Haw. R. Civ. Pro. 59(a) and Relief from Judgment or Order Fed. R. Civ. Pro. 60(b)(3), and Request Leave of Court" ("7/5/24 Filing"). [Dkt. no. 54.] The 7/5/24 Filing is liberally construed as a supplement to the Motion.[1] This Court has considered the Motion as a non-hearing matter pursuant to

---

[1] This Court must liberally construe Kakalia's filings because he is proceeding pro se. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Kakalia's Motion, as supplemented by the 7/5/24 Filing, is hereby denied for the reasons set forth below.

## BACKGROUND

Kakalia initiated this action on August 31, 2022. See "Plaintiff is Suing the United States Government, and the State of Hawaii, for Fraud and Misrepresentation, 17 CFR 240.15c2; and Haw. Rev. Stat. §663-10.5 Government as Tortfeasor," filed 8/31/22 (dkt. no. 1) ("Complaint"). Kakalia alleged his family's land was taken illegally on September 27, 1960 by Defendant State of Hawai`i ("the State"), pursuant to Executive Order No. 1920, and those lands were set aside for public purposes. [Id. at pg. 2.] He also alleged that, in 2018, he sent letters to the State Attorney General's Office to assert a claim to his family's property. [Id. at pgs. 3-4.] In this case, Kakalia asserted a takings claim against the State, as well as a Title 42 United States Code Section 1983 claim against the State. The Section 1983 claim appeared to be based, at least in part, on the taking itself and the failure to act upon his claim in 2018. [Id. at pg. 4.] Kakalia also asserted claims against Defendant United States Government ("the United States") based on his position that, because of its illegal overthrow of the

2

Kingdom of Hawai`i, the United States has no rights or title in Hawai`i. See id. at pgs. 11-15.

Kakalia's claims against the State were dismissed with prejudice because of the State's Eleventh Amendment immunity. See Order Granting Defendant State of Hawaii's Motion to Dismiss Plaintiff's Complaint Filed August 31, 2022 with Prejudice, filed 2/28/23 (dkt. no. 23) ("2/28/23 Order").[2] Kakalia's claims against the United States were dismissed without prejudice because Kakalia failed to serve the Complaint. See Order Dismissing the Remaining Claims in Plaintiff's Complaint Without Prejudice, filed 5/17/23 (dkt. no. 36). Final judgment was entered on June 2, 2023. See Judgment in a Civil Case, filed 6/2/23 (dkt. no. 38) ("Judgment").

Kakalia filed a notice of appeal on October 6, 2023. [Dkt. no. 41.] The United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") summarily affirmed the Judgment. See Ninth Circuit Order, filed 1/19/24 (dkt. no. 50). The Ninth Circuit's Mandate was filed on June 13, 2024. [Dkt. no. 53.]

Kakalia brings the instant Motion "to call to the court's attention to facts that would have changed the judgment but were outside the record and unknown to the court at the time

---

[2] The 2/28/23 Order is also available at 2023 WL 2276732. The 2/28/23 Order addresses the State's Motion to Dismiss Plaintiff's Complaint Filed August 31, 2022 with Prejudice ("Motion to Dismiss"), filed on November 4, 2022. [Dkt. no. 11.]

3

of judgment." [Motion at 2.] He argues the Judgment should be corrected because of fundamental errors that were not addressed in the underlying proceedings. [Id.]

### STANDARD

Kakalia asserts the Motion is a petition for coram nobis, pursuant to Title 28 United States Code Section 1651, or pursuant to Hawai`i Rule of Civil Procedure 59. Motion at 2; see also 7/5/24 Filing at 1 (citing Haw. R. Civ. P. 59(a) in the title). The title of the Motion also refers to Hawai`i Rule of Civil Procedure 60(b)(3). See id. at 1; but see 7/5/24 Filing at 1 (citing Fed. R. Civ. P. 60(b)(3) in the title). The Federal Rules of Civil Procedure, not the Hawai`i Rules of Civil Procedure apply in this case. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81.").[3]

This Court liberally construes Kakalia's Motion as seeking relief from the Judgment, pursuant to Federal Rule of Civil Procedure 60(b).[4] Federal Rule of Civil Procedure 60(b) states:

---

[3] The exceptions in Federal Rule of Civil Procedure 81 do not apply in this case.

[4] This Court does not construe the Motion as a motion pursuant to Federal Rule of Civil Procedure 59(e) because the
(. . . continued)

4

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

"The disposition of a Rule 60(b) motion for relief from judgment is within the sound discretion of the district court." Young v. GEICO Indem. Co., CIVIL NO. 08-00171 JMS/KSC, 2009 WL 10677184, at *1 (D. Hawai`i June 1, 2009) (citing Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004)).

---

time to file such a motion has expired. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Further, the Motion is not construed as a motion for a writ of coram nobis because that writ has been abolished in civil cases. See Fed. R. Civ. P. 60(e).

5

**DISCUSSION**

### I.  Rule 60(b)(3) and (4)

Kakalia argues he is entitled to relief from the Judgment because this Court committed fraud and misrepresentation by allowing the State to file its response to the Complaint - *i.e.*, the State's Motion to Dismiss - after the State was in default, but this Court failed to give him the same consideration. [Motion at 3.] He contends the consideration of the State's untimely Motion to Dismiss rendered the Judgment void. [Id. at 4-5.] Kakalia also argues the magistrate judge's continuance of the Rule 16 Scheduling Conference from October 31, 2022 to December 12, 2022 deprived Kakalia of the ability to take discovery in this case and prevented the litigation of the merits of Kakalia's claims. Id. at 5-6; see also EO, filed 10/21/22 (dkt. no. 9) (continuing the scheduling conference). These arguments are liberally construed as requests for relief from the Judgment pursuant to Rule 60(b)(3) or (4).

First, this Court concludes that Rule 60(b)(4) does not apply.

> Rule 60(b)(4) authorizes relief from a judgment where "the judgment is void." Fed. R. Civ. P. 60(b)(4). It applies "only in the rare instance where a judgment is premised either [1] on a certain type of jurisdictional error or [2] on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271, 130 S. Ct. 1367, 176 L. Ed. 2d 158

6

>   (2010); see id. at 270, 130 S. Ct. 1367
>   (explaining that a judgment is not "void" simply
>   because it is "erroneous" (cleaned up)).

Fed. Trade Comm'n v. Hewitt, 68 F.4th 461, 465 (9th Cir. 2023). Kakalia's argument regarding untimely filings does not allege either a jurisdictional defect or a violation of due process. He attempts to argue the Judgment is void on the ground that his inability to conduct discovery was a violation of due process. This argument fails because

>   the Supreme Court has been clear that discovery
>   cannot cure a facially insufficient pleading.
>   Iqbal specifically cautioned that "Rule 8 . . .
>   does not unlock the doors of discovery for a
>   plaintiff armed with nothing more than
>   conclusions," [Ashcroft v.] Iqbal, 556 U.S.
>   [662,] 678–79, 129 S. Ct. 1937 [(2009)], and
>   [Bell Atlantic Corp. v.] Twombly went further,
>   observing "[i]t is no answer to say that a claim
>   just shy of a plausible entitlement to relief
>   can, if groundless, be weeded out early in the
>   discovery process through careful case
>   management . . . ," 550 U.S. [544,] 559, 127 S.
>   Ct. 1955 [(2007)] (internal quotation marks and
>   citation omitted). Our case law does not permit
>   plaintiffs to rely on anticipated discovery to
>   satisfy [Federal Rules of Civil Procedure,]
>   Rules 8 and 12(b)(6); rather, pleadings must
>   assert well-pleaded factual allegations to
>   advance to discovery. Id.

Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021) (some alterations in Whitaker). Thus, the fact that Kakalia did not have the opportunity to conduct discovery before the case was dismissed does not render the Judgment void. To the

7

extent that the Motion seeks relief pursuant to Rule 60(b)(4), the Motion is denied.

Kakalia's argument that fraud and misrepresentation warrant relief from the Judgment pursuant to Rule 60(b)(3) is untimely. "A motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." See Fed. R. Civ. P. 60(c)(1). The Judgment was entered on June 2, 2023, and the instant Motion was filed on June 10, 2024, more than one year after the entry of Judgment. Further, even if Kakalia presented his Rule 60(b)(3) argument within a year after the entry of the Judgment, he would not be entitled to relief.

The State waived service of the summons, and therefore the State had until sixty days after September 5, 2022 - *i.e.*, until November 4, 2022 - to respond to the Complaint. See Waiver of the Service of Summons, filed 9/26/22 (dkt. no. 7). The State timely filed the Motion to Dismiss. If the Motion to Dismiss had been denied, the State would have been required to file its answer to the Complaint within fourteen days after the State had notice of the denial of the motion. See Fed. R. Civ. P. 12(a)(4)(A). Thus, the State was not in default when it filed the Motion to Dismiss. See Order Denying Plaintiff's Motion for

8

Default Judgment, 5/22 (dkt. no. 15), at 3 (denying Kakalia's request for default judgment against the State).

Further, Kakalia's argument that this Court did not consider his late submissions in response to the Motion to Dismiss misstates the record. Both Kakalia's December 8, 2022 filing and his January 6, 2023 filing were considered by this Court when it ruled on the State's Motion to Dismiss. See 2/28/23 Order at 1-2 & n.2. Kakalia has failed to establish any fraud or misrepresentation in the underlying proceedings. To the extent that the Motion seeks relief from the Judgment pursuant to Rule 60(b)(3), the Motion is denied.

## II. **Rule 60(b)(1) and (6)**

The remainder of the arguments in Kakalia's Motion address the merits of his Complaint. Essentially, Kakalia argues that this Court erred in dismissing his claims without ruling on the merits of the claims. This Court construes these arguments as a request for relief under either the Rule 60(b)(1) mistake provision or the catch-all provision, Rule 60(b)(6).[5] The Rule 60(b)(6) catch-all provision "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an

---

[5] As noted above, pursuant to Rule 60(c)(1), Kakalia's request for relief under Rule 60(b)(1) is untimely.

9

erroneous judgment." Fantasyland Video, Inc. v. Cnty. of San Diego, 505 F.3d 996, 1005 (9th Cir. 2007) (citation and internal quotation marks omitted).

Kakalia's arguments either were raised or could have been raised during his direct appeal to the Ninth Circuit, and "attempts to reargue the primary appeal" are "not the proper function of a Rule 60(b) motion." See Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 870 n.15 (9th Cir. 1976).[6] Kakalia merely disagrees with this Court's rulings, and his disagreement with this Court's orders does not constitute either a mistake for purposes of Rule 60(b)(1) or extraordinary circumstances warranting Rule 60(b)(6) relief. See, e.g., Greenspon v. AIG Specialty Ins. Co., Case No. 18-cv-00448-DKW-WRP, 2020 WL 3513230, at *2 (D. Hawai`i June 29, 2020) (concluding that the plaintiff's disagreement with the ruling on his prior arguments did not constitute a mistake for purposes of Rule 60(b)(1) (citing Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991); Stephens v. Cty. of Haw. Police Dep't, 584 F. App'x 506, 507 (Mem) (9th Cir. Aug. 14, 2014)); id. at *3 ("Disagreement is . . . not an extraordinary circumstance." (citing Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007)))). To the extent

---

[6] Crateo was partially superseded on other grounds by Federal Rule of Appellate Procedure 4. See, e.g., Silas v. Select Portfolio Servicing, Inc., 730 F. App'x 564, 565 (9th Cir. 2018).

that Kakalia seeks relief from the Judgment based on arguments regarding the merits of his Complaint, the Motion is denied.

Kakalia has not presented any ground that warrants relief from the Judgment. His Motion must therefore be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Kakalia's Petition for Coram Nobis, Haw. R. Civ. P. Rule 59(a); Haw. R. Civ. P. 60,(b)(3), Relief from Judgment; Fraud and Misrepresentation, 17 CFR 240.15c2; Haw. Rev. Stat. § 663-10.5, Government as Tortfeasors, filed June 10, 2024 and supplemented by his July 5, 2024 Filing, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 20, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**EDWARD P. KAKALIA VS. UNITED STATES GOVERNMENT, ET AL.; CIV. NO. 22-00390 LEK-WRP; ORDER CONSTRUING PLAINTIFF'S JULY 5, 2024 FILING AS A SUPPLEMENT TO PLAINTIFF'S MOTION FILED ON JUNE 10, 2024 AND DENYING PLAINTIF'S MOTION**